*Wayne Circuit—In Chancery.*

## BRIDGET H. DROLET

### vs.

## PETER DROLET.

*Divorce— Writ of Ne Exeat.*

In general the writ of ne exeat will not be granted, unless in case of equitable debts or claims. The debt must exist at the time, or must be so far matured that present payment can rightfully be demanded. A claim for temporary alimony, before it is passed upon, is not such a debt or claim as can be made the foundation for the granting of such writ.

OPINION BY JENNISON, J.—A bill for divorce was filed by the complainant; also a petition for temporary ali-

mony, yet to be heard. The bill alleges that complainant's husband "has given out that in case proceedings for a divorce are commenced against him he will speedily leave this State and go to Canada, and will thus endeavour to avoid the payment of alimony."

This is the first time that such a writ has been asked for in this circuit for such a purpose. The averments in the bill are insufficient to confer jurisdiction. The existence of a debt should be positively stated, except in matters of account. (1 Barb. Ch. Pr., p. 648, old ed ; Beames on Ne Exeat, p. 28.) There should also be a positive averment of the defendant's intention to go abroad, or of his threats or declarations so to do. (1 Barb. Ch. Pr., old ed., 649, 650; Beames 33, 34; 2 Dan. Ch. Pr. 1707.)

But as the application may be renewed, the subject matter will be noticed more at length.

There are no statutes in this State regulating the issue of these writs ; and until the recent case of Bailey vs. Cadwell, decided at the July term of the Supreme Court, it was considered doubtful by the profession whether, under article 4, section 33 of the Constitution prohibiting imprisonment for debt, and section 7174 of the compiled laws forbidding arrest on execution issuing out of a court of equity for the recovery of money due on decree, writs of *ne exeat* could issue in this State In that case, the court say that under section 5057 of the compiled laws the jurisdiction of the English Court of Chancery, subject to constitutional limitations, is the measure of the authority of our courts. The record showed that a writ was allowed by a Circuit Court Commissioner, and the suit was brought on a *ne exeat* bond given by defendant. The court held that the Commis-

sioner had no power to issue the writ and that the bond was void.

In general the writ will not be granted unless in case of equitable debts and claims. The debt must exist at the time, or be so far matured that present payment can rightfully be demanded.

The English courts have carefully limited the jurisdiction to where the default of the defendant was capable of direct measurement, and not where there was a mere probability of a future indebtedness, or of a future default on an unmatured indebtedness. (2 Story Eq. Jur., ff. 1470, 1474; Beames, p. 30; 2 Dan. Ch. Pr., p. 1702, ch. 38, 4th ed.; Bailey vs. Caldwell, supra.)

Under the English practice there were two exceptions, one in a bill for account, where there is an admitted balance, and the other in case of alimony decreed to the wife where the husband threatens to leave the realm—the reason in the latter case that the Ecclesiastical Courts who had jurisdiction in divorce cases had no adequate means to enforce such payments. (2 Story Eq. Jur., ff. 1471, 1472; Cooper's Eq. Pl., 149.)

The English courts hold that the writ will not be allowed in cases of permanent alimony decreed except for arrears due and unpaid. (14 Vesey, 261.) And it seems the writ will not be granted in cases of temporary alimony. (1 Term. R., 322; 2 Story Eq. Jur., f. 1472.)

For cases showing under what circumstances this writ will be granted in different States see Smith Ch. Pr. 2 Am. ed., p. 577 note 2 Story Eq. Jur., ff. 1465-1475; as to form of order, see 2 Seton on Decrees, 859.

I am therefore of the opinion that a writ of *ne exeat* is not authorized in this State in cases of temporary alimony.

Writ denied.

*Brennan and Donnelly* for complainant.

Defendant did not appear or answer.

---

*Wayne   Circuit.*